```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   IN RE CUSTOMS AND TAX
     ADMINISTRATION OF THE KINGDOM
 4   OF DENMARK
     (SKATTEFORVALTNINGEN) TAX
 5   REFUND SCHEME LITIGATION,
                                          18 MD 2865 (LAK)
 6
                                          Conference
 7
     ------------------------------x
 8                                        New York, N.Y.
                                          March 28, 2024
 9                                        2:20 p.m.

10   Before:

11                   HON. LEWIS A. KAPLAN,

12                                        District Judge

13                        APPEARANCES

14   HUGHES HUBBARD & REED LLP
          Attorneys for Plaintiff SKAT
15   BY:  WILLIAM R. MAGUIRE
          NEIL J. OXFORD
16
     KOSTELANETZ & FINK, LLP
17        Attorneys for Defendants Azalea Pension Plan, et al.
     BY:  SHARON McCARTHY
18
     WILMER CUTLER PICKERING HALE AND DORR LLP
19        Attorneys for Defendants Avanix Management LLC, et al.
     BY:  PETER G. NEIMAN
20        ANDREW SCOTT DULBERG

21   KATTEN MUCHIN ROSENMAN LLP
          Attorneys for Defendants Robert Klugman and
22        RAK Investment Trust
     BY:  DAVID GOLDBERG
23        MICHAEL M. ROSENSAFT

24

25
```

APPEARANCES (cont'd)

DEWEY PEGNO & KRAMARSKY LLP
        Attorneys for Defendant Michael Ben-Jacob
BY:   THOMAS E.L. DEWEY
        -and-
KEKER VAN NEST & PETERS LLP
BY:   ELLIOT R. PETERS

K&L GATES LLP
        Attorneys for Defendants American Investment Group of New
        York, L.P. Pension Plan, Stacey Kaminer, Robert Crema.
        Acer Investment
BY:   JOHN C. BLESSINGTON

1          (Case called)

2          THE COURT:  Folks, I've pretty much made up my mind

3    what we are going to do.  But if anybody wants five minutes to

4    address that issue in terms of what we are going to try first,

5    I'll entertain it.

6          Suspense is killing all of you.

7          We are going to go with SKAT's modified trial 1

8    proposal.  We are going to try the Markowitzes, the

9    Merkensteijns, Mr. Klugman, and, subject to one contingency,

10   Mr. Ben-Jacob on January 7.

11         Does that work for everybody?

12         I have also looked carefully at the proposed schedule

13   for pretrial proceedings.  I am going to make some changes.

14   For one thing, my goal is not to maximize the paperwork, which

15   it appears may have entered into this inadvertently or

16   otherwise.  I will start the schedule where you proposed to

17   start it.  I will compress it some.  And you should have an

18   order on that earlier next week.

19         Anything else we can usefully accomplish while we are

20   all here?

21         Any chance of getting these cases settled?  Where are

22   we?

23         MR. MAGUIRE:  If it please the Court, Bill Maguire for

24   the plaintiff SKAT.

25         Your Honor, the door is always open to SKAT in terms

4

1  of settlement.  We have settled a number of cases.

2           In terms of the SKAT proposed trial 1 that your Honor

3  is scheduling for January 7, there is no active settlement

4  discussions going on with respect to those defendants right

5  now.

6           THE COURT:  Might be time, folks.  Might be time.

7           Ms. McCarthy.

8           MS. McCARTHY:  Your Honor, just a quick question.

9  Your Honor, when you say you may compress the schedule, does

10  that mean you may eliminate some of our things or -- yes?

11          THE COURT:  Modify or eliminate.

12          This schedule is very -- you probably won't agree with

13  this characterization, but very considerate of the attorneys'

14  needs and, although it was not designed with malice or

15  forethought, very unmindful of the fact that and my two law

16  clerks do all the work at my end, and there is not enough time

17  for me to do my work on this schedule.  I am very well aware of

18  what I am going to have to do in this case, so I am going to

19  compress your time and expand mine.

20          MS. McCARTHY:  Understood.  I was wondering if you are

21  going to eliminate any of the things we want to make motions

22  about.  Because, if so, we would want to be heard.

23          THE COURT:  I have not reached a final determination

24  on that.

25          But the first thing that struck me has to do with the

1    severance motion.  If somebody wants to make that motion, I am

2    not going to stop you, but it is going to accomplish -- in all

3    likelihood, barring unforeseen circumstances or knowledge I

4    don't yet have, it's not likely to be terribly fruitful.

5                 MS. McCARTHY:  Understood, your Honor.

6                 THE COURT:  Wouldn't be the first case with

7    defendants' positions in a multidefendant case being tried

8    together.  It just wouldn't.  And it's manageable, I think.

9                 MS. McCARTHY:  The one thing, your Honor, I just

10   wanted to bring to the Court's attention, I am sure the Court

11   has been -- maybe not.  But the Court may be aware that

12   Mr. Shah is on trial right now in Denmark and --

13                THE COURT:  To say the least.

14                MS. McCARTHY:  He has testified and responded to the

15   questions by SKAT.

16                Previous to his arrival in Denmark he had been in

17   Dubai which, as your Honor may know, is not a contracting party

18   to the Hague Convention, so we had no opportunity then to seek

19   his deposition when he was in Dubai.  The parties would very

20   much like to consider whether or not to try to seek his

21   deposition between now and trial, given the changed

22   circumstances and the fact that he is speaking and has answered

23   questions, so appears not to be resting on his rights not to do

24   that.

25                Unfortunately, right now it's our understanding there

1    is no transcript of his testimony.  We were just getting bits

2    and pieces from press reports.  But it would help us to

3    determine whether or not we want to try to do that, and we

4    understand we'd have to do it very quickly.  If SKAT is able to

5    provide any sort of summary that's been created about his

6    testimony, that would be very useful to us.

7           THE COURT:  I am not going to stop you right here and

8    now.  I want the case to move, but I'm not blind to the

9    possible significance of testimony from Mr. Shah.  I am a

10   little puzzled about whether there is going to be a transcript,

11   even if there isn't one at this moment and, if there were, how

12   that might help or affect what we have to do here.  I just

13   wonder how the Danish courts deal with appeals and the like if

14   they don't have a transcript.  I know nothing about Danish

15   procedure.

16          MS. McCARTHY:  We will speak with counsel for the

17   plaintiff to see if there is some way we can get a better sense

18   of what he said on the witness stand other than what's in the

19   press reports, and that would be, I think, helpful to our

20   decision as a strategic matter whether or not we will seek the

21   deposition.

22          THE COURT:  Sure.  Demonstrating my utter ignorance

23   about Danish law, other than the one or two little pieces you

24   have put in front of me over and over again, it's a similar law

25   currently, right?  So the questioning is not done by counsel,

1   or is it?  Is it done by a judge?

2          MS. McCARTHY:  I think we would do the questioning,

3   your Honor.

4          THE COURT:  No.  I'm talking about the Danish

5   proceedings that are going on now.

6          MS. McCARTHY:  The Danish proceedings -- counsel for

7   SKAT, I understand, has been asking the questions?  No.  To not

8   you guys, but the people that are in Denmark.  No.  Prosecutor.

9   Sorry.

10          THE COURT:  Prosecutor.  It's a criminal case in

11   Denmark.

12          Now I know 5 percent more than I knew before.

13          MS. McCARTHY:  Sorry about that.

14          THE COURT:  Danish procedure.

15          Anything else that I should know?

16          MR. NEIMAN:  Your Honor, there is one issue that's

17   listed in the letter that you got from plaintiffs' counsel that

18   they noted was open, which has to do with whether there are

19   going to be kind of preliminary instructions to the jury on

20   some of the key legal issues so that the jury has some

21   framework for deciding and understanding the facts that are

22   being presented to them.  We think that would be pretty useful

23   for the jury and, frankly, pretty useful for the parties to

24   know how those kind of key legal issues are going to get

25   resolved before we present our evidence.

1          THE COURT:  I wouldn't be at all surprised, but I am

2    not ready to grapple with that right now.

3          You all ought to be very much aware that I will take a

4    special verdict in this case.  And what I always tell my law

5    clerks is the very first thing you ought to do is think the

6    case through beginning to end and draft the verdict form and

7    then start thinking about what the instructions look like.  I

8    commend that to all of you.  It would be highly desirable to

9    have an agreed verdict form in this case.

10          MR. NEIMAN:  We will work with plaintiffs to see if we

11    can agree on that.

12          THE COURT:  If there is nothing else, thank you all

13    for coming down, and this too will end.

14          (Adjourned)

15

16

17

18

19

20

21

22

23

24

25